**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530-0001, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S.

Department of Justice ("Defendant") to compel compliance with the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational

organization incorporated under the laws of the District of Columbia and headquartered at 425

Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency,

accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the

American public to inform them about "what their government is up to."

4.        Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the

United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington,

DC 20530-0001.   On information and belief, Defendant has possession, custody, and control of

records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.        On August 14, 2017, Plaintiff submitted a FOIA request to the Federal Bureau of

Investigation ("FBI"), a component of Defendant, seeking the following records for the

timeframe specified:

> **(1) All records of communications between the FBI and former
> FBI director James Comey prior to and regarding Comey's
> testimony before the Senate Select Committee on Intelligence
> on June 8, 2017. The timeframe for this request is May 15,
> 2017 through June 8, 2017;**
>
> **(2) All records of communications between the FBI and former
> FBI director James Comey relating to an upcoming book to be
> authored by Mr. Comey and published. The timeframe for this
> request is May 9, 2017 to the present;**
>
> **(3) All records, including but not limited to forms completed
> by former FBI director James Comey, relating to the
> requirement for prepublication review by the FBI of any book
> to be authored by Comey with the intent to be
> published or otherwise publicly available.**

6.        The FBI responded to Plaintiff's request by a letter dated September 5, 2017 and

advised Plaintiff that the request has been assigned reference number 1382513-000.  The FBI

also advised Plaintiff that it had searched the "Central Records System," but was "unable to

identify records responsive to [Plaintiff's] FOIA."

7.      On November 3, 2017, Plaintiff submitted a timely administrative appeal challenging the adequacy of the FBI's search.  By an email received also on November 3, 2017, Defendant acknowledged receipt of Plaintiff's administrative appeal and advised Plaintiff the appeal had been assigned reference number DOJ-AP-2018-000634.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant was required to make a determination as to Plaintiff's administrative appeal within twenty (20) working days and notify Plaintiff of its determination.  Accordingly, Defendant's determination was due by December 4, 2017 at the latest.

9.      As of the date of this Complaint, Defendant has failed to make a determination as to Plaintiff's administrative appeal or notify Plaintiff as to its determination.

10.     Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(ii), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant has violated FOIA by failing and/or refusing to employ search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request and, accordingly, failing and/or refusing to produce any and all non-exempt records responsive to the request.

13.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14.     Because Defendant has failed to make a determination of Plaintiff's request on appeal, Plaintiff has exhausted its administrative remedies.

15.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 31, 2018

Respectfully submitted,

*/s/  James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*